UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DARRYL COLBERT,  CIVIL NO. 16-2337 (ADM/JSM)

    Petitioner,

v.  REPORT AND RECOMMENDATION

STEVE HAMMER, Warden, Stillwater
Correctional Facility, Minnesota,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

    Petitioner Darryl Colbert was convicted of first-degree murder after a jury trial in Minnesota state court. *See State v. Colbert*, 716 N.W.2d 647 (Minn. 2006). That conviction has been the subject of previous habeas corpus litigation in this District. Colbert's previous petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, was denied with prejudice and on the merits in 2007. *See Colbert v. Minnesota*, No. 06-CV-4407 (ADM/RLE), 2007 WL 4224214 (D. Minn. Nov. 28, 2007).

    On May 6, 2016, Colbert sought permission from the Eighth Circuit Court of Appeals to file a second-or-successive petition for habeas corpus relief in federal court. *See Colbert v. Hammer*, No. 16-2121 (8th Cir. 2016). Federal statute requires that "[t]he court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion," 28 U.S.C. § 2244(b)(3)(D), but that 30-day deadline came and went without resolution of Colbert's petition. In the meantime, Colbert was running up against the one-year limitations window for filing his habeas petition in district court, *see* 28 U.S.C. § 2244(d)(1)(D), and

1

so, on July 6, 2016, Colbert submitted his second-or-successive habeas petition to this District notwithstanding the Eighth Circuit's inaction on his petition for authorization.

Three months later, on October 3, 2016, Colbert's petition for authorization to file a second or successive habeas petition was denied by the Eighth Circuit.[1]  *See Colbert*, No. 16-2121 (8th Cir. Judgment Oct. 3 2016).  "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).  This Court — indeed, *no* court, including the Supreme Court — may examine or overrule the denial of a petition for authorization to file a second-or-

---

[1] Colbert also argued before the Eighth Circuit that his present habeas petition was not actually "second or successive" within the meaning of 28 U.S.C. § 2244(b), because it is based on newly discovered facts.  The Eighth Circuit's denial of permission to file his habeas petition tacitly acknowledges that the petition is, in fact, second or successive; the usual practice of the Eighth Circuit where a petition is *not* second or successive is to transfer that petition to the district court for further consideration or to otherwise acknowledge that authorization is unnecessary.  This Court is bound by the Eighth Circuit's implicit findings in denying Colbert's petition for authorization.

In any event, this Court independently finds that Colbert's petition is clearly second or successive.  The fact that the claim is based upon a new factual predicate is, by itself, insufficient to avoid the gatekeeping provisions of § 2244(b).  *See Martin v. Benson*, 815 F. Supp. 2d 1086, 1092-95 (D. Minn. 2011) (discussing cases).  Indeed, to find otherwise would render meaningless § 2244(b)(2)(B), which contemplates that one of the two *exclusive* grounds upon which an appellate court may authorize a second-or-successive habeas petition is the discovery of a factual predicate that casts doubt upon the guilt of the petitioner.  The cases marshaled by Colbert in his petition for authorization for his argument that authorization is unnecessary here stand for a different proposition — that a petition is not second or successive if the claim did not *arise* until after the disposition of the initial habeas petition.  *See, e.g.*, *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003).  For example, a prisoner cannot challenge an involuntary medication order until that order is entered, and so a habeas petition challenging such an order is not "second or successive" even if the underlying criminal judgment has previously been challenged by the prisoner.  *Id.*  Here, Colbert's claims of factual innocence arose long ago, even if he only recently discovered the specific factual predicate underlying his current claim.  *See also Benchoff v. Colleran*, 404 F.3d 812, 818 (3d Cir. 2005) (discussing cases).

successive habeas petition governed by § 2254.  The Eighth Circuit's denial of Colbert's request for authorization is the end of the matter, and this Court lacks jurisdiction to consider the merits of Colbert's second-or-successive habeas petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).  The petition must be dismissed without prejudice for lack of jurisdiction on that basis.  No certificate of appealability should be issued, as it is beyond doubt that no other court, including the Eighth Circuit, would treat Colbert's habeas petition differently than it is being treated here.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

2. No certificate of appealability be issued.

Dated:   October 5, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## **NOTICE**

**Filing Objections**:  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those

objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date**:  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.